IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL BILDERBACK,

                          Plaintiff,

    v.

KAREN LINDHOLM and WILLIAM GABLER,

                          Defendants.

OPINION and ORDER

09-cv-110-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for injunctive relief brought pursuant to 42 U.S.C. § 1983, plaintiff Michael Bilderback alleges that defendants Karen Lindholm and William Gabler violated his due process rights in their treatment of him on probation. In particular, he alleges that defendant Lindholm, his probation officer, violated his rights by (1) refusing to allow him to transfer his residency to a different county; (2) making false allegations against him in the context of requesting modifications to the conditions of his probation; and (3) coercing plaintiff to sign a waiver by threatening to revoke his probation. In addition, plaintiff alleges that defendant Gabler, the sentencing judge, violated his rights by (1) refusing to allow plaintiff to withdraw his plea after plaintiff was not allowed to transfer residency to a

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

different county, even though the plea agreement was conditioned on that transfer; and (2) refusing to respond to plaintiff's motions and instead automatically denying them. According to plaintiff, defendants are setting him up for revocation and making decisions against his interest solely out of dislike for him. Plaintiff has also moved for a preliminary injunction, dkt. #4, to allow him to be released from custody "pending the outcome of the civil suit."

Plaintiff has paid the $350 fee for filing his complaint; however, he is a prisoner confined at the Eau Claire county jail, which means that before he can proceed in this lawsuit, I must screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted or ask for money damages from a respondent who is immune from such relief. Because plaintiff is a pro se litigant, his complaint should be construed liberally as it is reviewed for these defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff's complaint must be dismissed. A petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). This rule applies not only to challenges to a conviction or sentence, but also to challenges to conditions of probation. Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (quoting Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)) (conditions of parole define

perimeters of confinement and therefore challenge to restrictions imposed by parole should be brought as writ of habeas corpus, not under § 1983).

Plaintiff's claims against defendants are nothing more than challenges to his conviction (seeking to invalidate the plea agreement) and conditions of his probation (not allowed to transfer residency and disciplined for "false allegations"). Plaintiff does not seek damages for these alleged violations, but only injunctive relief: to get his plea withdrawn, allow him to be released from custody, allow him to transfer residency to a county his probation officer has refused to approve and reverse a 60 day jail sentence resulting from his probation officer's "false" allegations. To the extent plaintiff wishes to challenge his conviction or probation conditions, he will have to pursue a petition for writ of habeas corpus under § 2254, which first requires that he exhaust the remedies available in the courts of the state. 28 U.S.C. § 2254(b). Section 1983 actions may not be used to obtain this sort of relief.

It also appears that plaintiff is seeking an order preventing defendants from "set[ing] [him] up for [a] revocation" that has not yet occurred. He must take that concern to the state courts. Under Younger v. Harris, 401 U.S. 37 (1971), a federal court may not enjoin a state's criminal prosecution against an individual; properly construed, the Younger doctrine prohibits federal courts from attempting to "derail an ongoing probation revocation proceeding" as well. Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000) (citations

omitted).  Because none of plaintiff's claims are cognizable under § 1983, his complaint will be dismissed and his request for a preliminary injunction will be denied as moot.

## ORDER

IT IS ORDERED that:

1. Plaintiff Michael Bilderback's claims for injunctive relief against defendants Karen Lindholm and William Gabler related to challenges to his conviction and conditions of his probation are DISMISSED as barred under Preiser v. Rodriguez, 411 U.S. 475 (1973).

2. Plaintiff's claim for injunctive relief against defendants related to challenges to an ongoing revocation proceeding are DISMISSED for lack of subject matter jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971).

3.  Plaintiff's motion for a preliminary injunction, dkt. #4, is DENIED as moot.

4.  The clerk of court is directed to enter judgment for defendants and close this case.

5  A strike will be recorded against plaintiff in accordance with 28 U.S.C. § 1915(g).

Entered this 6th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge